IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN MAUL, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.13-00354-KD-B |
| CITY OF SELMA, ALABAMA, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Marvin Maul's Motion to Remand (Doc. 7). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be **GRANTED** and that this case be remanded to the Circuit Court of Dallas County, Alabama.

I.  **Background**

Plaintiff Marvin Maul commenced this action on June 12, 2013, against Defendants, the City of Selma, Alabama and Officer Daniel Boone, in the Circuit Court of Dallas County, Alabama. (Doc. 1-1). Maul alleges negligence in connection with an incident that occurred on June 14, 2011. Specifically, Maul alleges that his minor daughters were involved in an altercation with other minors, and when he went to investigate, Defendant

1

Boone, without provocation, sprayed him with mace and told him to shut up. (Id. at ¶ 6). Maul also contends that Boone treated him harshly, and forced him to remain handcuffed for an unreasonable amount of time. (Id.). Maul alleges that as a result of Boone's actions, he was subjected to unwarranted excessive force, false arrest and/or imprisonment, humiliation, embarrassment, and injury. (Id.). He further asserts that said actions "deprived [him] of his legal rights guaranteed to him by the Constitution and laws of United States, and [the] State of Alabama." (Id. at ¶ 4).

With respect to the City of Selma, Maul contends that the City was negligent because it failed to properly hire and train Defendant Boone, and that as a result of the incident, Plaintiff sustained injury to his left arm and elbow, and was forced to miss three months of work due to extended medical treatment and therapy. (Id. at ¶ 4, 7).

On July 11, 2013, Defendants filed a Notice of Removal (Doc. 1). In the Notice, Defendants assert that federal question jurisdiction is proper pursuant to 28 U.S.C. § 1441. (Id.). According to Defendants, "Plaintiff's Complaint specifically alleges violations of the United States Constitution presumably the Fourth and Fourteenth Amendments." (Id. at ¶ 4). Defendants further assert that because Plaintiff is in essence alleging "civil rights violations", this action is

removable pursuant to 28 U.S.C. § 1443. (Id. at ¶ 8).

On August 5, 2013, Maul filed the instant motion seeking to have this case remanded on the ground that no federal jurisdiction exists as he has alleged negligence, which is governed by the laws of Alabama. (Id. at ¶ 1). Maul explains that the City of Selma's failure to properly hire and train Officer Boone is an element of a state law negligence claim in the state of Alabama. (Id. at ¶ 2). He further asserts that federal jurisdiction is only proper when a "substantial" claim under federal law is raised, and that his negligence claim does not raise a "substantial" claim. (Id. at ¶ 3). Thus, Maul urges this Court to "view the substance of [his] Complaint rather than the form" when analyzing whether the cause of action represents a federal question. (Id. at ¶ 4). Finally, Maul asserts that because diversity of citizenship is also lacking, this case is due to be remanded. (Id.)

**II. Analysis**

   **A. Standard of Review**

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The determination of whether an action "arises under" the laws of the United States is made pursuant to the "well-pleaded complaint rule." Louisville & Nashville R. Co. v. Mottley, 211

U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908). "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Wuerl v. International Life Science Church, 758 F. Supp. 1084, 1086 (W.D.Pa. 1991) (citations omitted).

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). That is, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d

4

72 (2013).

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.")(citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

A plaintiff is deemed to be the master of his case, and he may avoid federal jurisdiction by relying exclusively upon state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Of course, this does not mean that a plaintiff can avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2, 101 S. Ct. 2424, 2427 n.2, 69 L. Ed. 2d 103 (1981). "[W]hen both federal and state remedies are available, [a] plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). Thus, where a plaintiff

5

properly pleads only a state law cause of action, there generally is no federal jurisdiction. Caterpillar, 482 U.S. at 392.

**B. Discussion**

As a preliminary issue, the parties are in agreement that diversity jurisdiction is lacking. Indeed, in his Complaint, Maul asserts, and Defendants do not dispute, that all of the parties are citizens of Alabama. (Doc. 1-1). Thus, this case is due to be remanded if there is no federal question jurisdiction. As noted *supra*, in removing this action, Defendants contend that federal question jurisdiction exists because Maul has asserted a "civil rights" claim, and due to his assertion that Defendants' "deprived [him] of his legal rights guaranteed to him by the Constitution and laws of United States". Maul counters that his complaint entails a negligence claim, which is grounded in state law, and his single reference to the Constitution and laws of the United States does not give rise to a "substantial" federal claim.

Courts have observed that the "conclusory mention" that an actor's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule. Beneficial Nat'l Bank, 539 U.S. at 6; Bollea v. Clem, 2013 U.S. Dist. LEXIS 44625, *16 (M.D. Fla. 2013) (the plaintiff's references to constitutional privacy were made in passing, and his claims did

not rise and fall on interpretations of the First, Fifth, or Fourteenth Amendments; thus the passing references were not sufficient to convert the claims into federal claims.); Stinson v. Scoggins, 2008 U.S. Dist. LEXIS 16325, 2008 WL 631204, *3 (W.D.La. 2008) (Where a complaint does not reference a specific federal law or provision from the United States Constitution and instead only makes "vague references to deprivation of 'civil rights and liberties' and 'unlawful detention'," federal question jurisdiction does not exist. Such rights are also protected by state law, and the lack of specificity as to any particular federal civil right precludes reading the complaint to assert a federal claim for removal purposes). Accordingly, a mere incidental reference to a violation of federal law or the United States Constitution does not convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (remand to state court is appropriate in a case alleging malpractice, negligence, and breach of contract, even though the plaintiff invoked Eighth Amendment standards in his complaint); Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference

states a federal cause of action or . . . simply supports an element of a state claim."); Avitts v. Amoco Production Co., 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law.").

Maul's references to the Constitution and federal law are made in passing[1]. His negligence claim does not rise and fall on interpretations of federal law. Rather, the success of his negligence claim depends on the application of state common law applicable to the tort of negligence. Thus, Maul's reference to federal law is not "substantial" and his complaint, when read as a whole, makes only a state law claim. See Diaz, 85 F.3d at 1505.

Furthermore, contrary to Defendants' assertion, federal question jurisdiction does not exist merely because the facts giving rise to Maul's negligence action could have also formed the basis for a federal "civil rights" claim. As outlined *supra*, Plaintiff is "master" of his complaint and as such, he has the right to decide what law he will rely upon, and he may choose to avoid federal jurisdiction by exclusive reliance on state law even though a federal cause of action may be available. Caterpillar, 482 U.S. at 392. Thus, while the facts

---

[1] Although Maul vaguely references a violation of his constitutional rights and the laws of the United States in his complaint, he does not cite any specific federal law or constitutional right that he contends was violated in his case.

alleged in Maul's complaint could give rise to a civil rights claim, Plaintiff has only made a passing reference to the Constitution in his complaint, and he has unequivocally stated in his motion to remand that he is proceeding solely upon a state law negligence claim; thus, no "substantial" federal issue is presented, and as a result, this action is not removable. See Gunn, 133 S. Ct. at 1065. As the "master of his claim," Maul has chosen to proceed on his negligence claim, and the fact that he could have chosen to assert a federal claim based on the same facts does not provide a basis for federal jurisdiction. Because Defendants have failed to meet their burden of establishing a basis for removal jurisdiction this case is due to be remanded for lack of federal jurisdiction. Friedman, 410 F.3d at 1353.

**III. Conclusion**

Based upon a careful review of the record, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be **GRANTED,** and that this action be remanded to the Circuit Court of Dallas County, Alabama.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **October, 2013.**

                                                     /s/ SONJA F. BIVINS
                                                   **UNITED STATES MAGISTRATE JUDGE**